Steven W. Ritcheson, Esq. (SBN 174062)
**INSIGHT, PLC**
578 Washington Blvd. #503
Marina del Rey, California 90292
Telephone: (424) 289-9191
Facsimile: (818) 337-0383
Email: switcheson@insightplc.com

Joseph V. Saphia, Esq. (*pro hac vice to be filed*)
Drew R. Berweger, Esq. (*pro hac vice to be filed*)
Krista Shaheen, Esq. (*pro hac vice to be filed*)
**CHIESA SHAHINIAN & GIANTOMASI PC**
11 Times Square, 34th Floor
New York, NY 10036
Telephone: (212) 973-0572
Email: jsaphia@csglaw.com
Email: dberweger@csglaw.com
Email: kshaheen@csglaw.com

Attorneys for Plaintiff **CAREISMATIC BRANDS, LLC**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREISMATIC BRANDS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WORKWEAR OUTFITTERS, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. _____<br><br>**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT** |

1

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT**

Plaintiff Careismatic Brands, LLC (hereinafter, "Careismatic"), for its Complaint against Defendant Workwear Outfitters, LLC (hereinafter, "Workwear") alleges and states as follows:

## SUMMARY OF ACTION

1. This action arises under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

2. In this action, Careismatic seeks a declaration that it does not infringe any claim of U.S. Patent Nos. 10,085,490 (the "'490 Patent") and 11,051,559 (the "'559 Patent") (collectively, the "Patents-in-Suit").

## PARTIES

3. Careismatic is a company organized under the laws of the state of Delaware and maintains its headquarters at 1119 Colorado Ave, Santa Monica, CA 90401.

4. On information and belief, Workwear is a company organized under the laws of Delaware and maintains a corporate headquarters at 545 Marriott Drive, Nashville, TN 37214.

## JURISDICTION AND VENUE

5. This action for declaratory judgment arises under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202 because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

7. This Court can provide the declaratory relief sought in this Declaratory Judgment Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists because Workwear has sent a demand letter into this district threatening Careismatic with allegations of infringement of the Patents-In-Suit, this

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT**

letter seeks that Careismatic immediately cease and desist from further manufacture, use, sale, offer for sale and/or importation into the United States of a Careismatic product.

8.  This Court has personal jurisdiction over Workwear because Workwear has engaged in actions in this District that form the basis of Careismatic's claims against Workwear and that have created a real, live, immediate, and justiciable case or controversy between Workwear and Careismatic.

9.  This Court also has personal jurisdiction over Workwear in this action because, on information and belief, Workwear engages in regular business within the State of California and this judicial District.

10.  As a result of Workwear's actions described above and herein, Workwear has established sufficient minimum contacts with this District such that Workwear is subject to specific personal jurisdiction in the Central District of California for this action. Further, the exercise of personal jurisdiction based on ongoing, and highly pertinent contacts does not offend traditional notions of fair play and substantial justice.

11.  An actual and justiciable controversy exists between Careismatic and Workwear with respect to whether Careismatic infringes any claim of the Patents-in-Suit, requiring a declaration by the Court. Careismatic contends that none of Careismatic's Products infringe any claim of the Patents-in-Suit. On information and belief, Workwear's position is that Careismatic infringes one or more claims of each of the Patents-in-Suit.

12.  The controversy is immediate and substantial because, as discussed herein, Workwear has threatened Careismatic with allegations of infringement and seeks that Careismatic immediately cease and desist from further manufacture, use, sale, offer for sale and/or importation into the United States of a Careismatic product.

13.  Venue is proper under this district under 28 U.S.C. §§ 1391 and 1400, including because, under Ninth and Federal Circuit law, venue in declaratory judgment

1. actions for noninfringement of patents is determined under the general venue statute, 28 U.S.C. § 1391.

14. Under 28 U.S.C. § 1391(b)(1), venue is proper in any judicial district where a defendant resides. An entity with the capacity to sue and be sued, such as Workwear, is deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question under 28 U.S.C. § 1391(c).

15. As discussed above, Workwear is subject to personal jurisdiction with respect to this action in the Central District of California, and thus, for the purposes of this action, Workwear resides in the Central District of California and venue is proper under 28 U.S.C. § 1391.

## STATEMENT OF FACTS

16. Since 1995, Careismatic has been in the business of designing, marketing, and distributing high-quality apparel, footwear and accessories to those in service of other, such as nurses, physicians, and other medical professionals; individuals with disabilities and school children. Careismatic is currently a world leader in fashion-inspired medical apparel and school uniforms with a growing portfolio of iconic and emerging brands across the health and wellness space.

17. Careismatic owns and distributes products under a number of brand names, including Cherokee® Medical Uniforms. One example of the many products sold by Cherokee® Medical Uniforms in the United States is a jacket referred to as FORM by Cherokee®, Women's Zip Front Scrub Jacket, Item #: ck-ck390, available at the following website: https://www.cherokeeuniforms.com/cherokee/form-by-cherokee/womens/womens-zip-front-scrub-jacket/ckck390.html (referred to as the "CK390" Product). A copy of this website is attached to this COMPLAINT as **Exhibit A**.

18. On July 11, 2023 Workwear sent a letter to an office of Careismatic providing Notice to Careismatic of the Patents-In-Suit, attaching copies of the Patents-In-Suit, and attaching a claim infringement chart annotating images of the CK390 Product that included description of how the CK390 Product allegedly infringed Claims 1 and 12 of the '490 Patent and Claims 1 and 24 of the '559 Patent. A copy of the July 11, 2023 is attached as **Exhibit B** letter and the '490 Patent and '559 Patents is attached as **Exhibit C** and **Exhibit D**.

19. The July 11 letter states that sales of the CK390 Product in the United States by Careismatic are infringing activities and that Careismatic is to immediately cease and desist from all further manufacture, use, sale, offer for sale and/or importation into the United States of the CK390 Product. The July 11 letter also states that Workwear is prepared to enforce their intellectual property rights.

20. In an effort to resolve the matter amicably, Careismatic sent a letter to Workwear's counsel on October 12, 2023, attached as **Exhibit E**. This October 12 letter explained why the CK390 Product does not infringe Claims 1 and 12 of the '490 Patent and Claims 1 and 24 of the '559 Patent.

21. Subsequent to the October 12 letter, counsel for Careismatic attempted to contact counsel for Workwear via phone on October 27, and again via email on October 30. To date no response of any kind has been received.

## COUNT 1

## NON-INFRINGEMENT OF U.S. PATENT NO. 10,085,490

22. Careismatic hereby repeats, realleges, and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully stated herein.

23. Workwear' July 11 letter alleged that the CK390 Product infringes, at least, Claims 1 and 12 of the '490 Patent.

24. As described in further detail below, Careismatic has not infringed and does not infringe Claim 1, Claims 2-11 which depend on Claim 1, or Claim 12 of the

5

'490 Patent, either directly or indirectly, literally, or under the doctrine of equivalents, including by making, using, importing, offering for sale, or selling the CK390 Product.

25. Claim 1, Claims 2-11 which depend on Claim 1, and Claim 12 of the '490 Patent each require a "shirt" that is both "configured for enhanced mobility" and "provides a wearer with enhanced mobility when performing" certain motions, with that shirt requiring a "stretch panel", and that stretch panel requiring a "plurality of protrusions that extend from a central point".

26. The CK390 Product is (a) not a "shirt"; (b) not a "shirt configured for enhanced mobility"; (c) does not contain a "stretch panel"; (d) does not contain "protrusions" as described in the specification of the '490 Patent; and (e) does not comprise a "stretch panel" for "enhanced mobility" when the wearer is performing certain motions.

27. The entire CK390 Product is designed to stretch to some degree, the panel of the CK390 Product indicated as being the "stretch panel" of the claims of the '490 Patent, in the annotated claim infringement chart provided on July 11, actually restricts mobility as that panel is *less* stretchy than the rest of the CK390 Product. Also the panel of the CK390 Product indicated as being the "stretch panel" of the claims of the '490 Patent is included in the CK390 Product for decorative, not functional purposes.

28. For at least the above reasons, Careismatic has not infringed and does not infringe Claim 1, Claims 2-11 which depend on Claim 1, or Claim 12 of the '490 Patent directly or indirectly, literally, or under the doctrine of equivalents.

29. As set forth above, an actual controversy exists between Careismatic and Workwear with respect to the alleged infringement of the '490 Patent, and this controversy is ongoing and likely to continue.

30. A judicial declaration is necessary and appropriate so that Careismatic may ascertain its rights regarding the '490 Patent.

31. Accordingly, Careismatic seeks a judgment declaring that any manufacture, use, sale, offer for sale, or importation of the CK390 Product has not infringed and does not infringe, directly or indirectly, contributorily, or by inducement, any claim of the '490 Patent.

## COUNT 2

## NON-INFRINGEMENT OF U.S. PATENT NO. 11,051,559

32. Careismatic hereby repeats, realleges, and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully stated herein.

33. Workwear' July 11 letter alleged that the CK390 Product infringes, at least, Claims 1 and 24 of the '559 Patent.

34. As described in further detail below, Careismatic has not infringed and does not infringe Claim 1, or Claims 2-8 which depend on Claim 1, or Claim 24, or Claims 25-31 which depend on Claim 24, of the '559 Patent, either directly or indirectly, literally, or under the doctrine of equivalents, including by making, using, importing, offering for sale, or selling the CK390 Product.

35. In addition to Claims 1 and 24, the '559 Patent also includes independent Claims 9 and 18. Although not specifically alleged, the CK390 Product has not infringed and does not infringe Claim 9, or Claims 10-17 which depend from Claim 9, or Claim 18, or Claims 19-23 which depend from Claim 18, of the '559 Patent, either directly or indirectly, literally, or under the doctrine of equivalents, including by making, using, importing, offering for sale, or selling the CK390 Product.

36. Claim 1, Claims 2-8 which depend on Claim 1, Claim 9, Claims 10-17 which depend from Claim 9, Claim 18, Claims 19-23 which depend from Claim 18, Claim 24, and Claims 25-31 of the '559 Patent each require a garment that is "configured for enhanced mobility", with the garment requiring a "stretch panel", and that stretch panel requiring a "plurality of protrusions that extend from a central point".

37. The CK390 Product is (a) not a garment "configured for enhanced mobility"; (b) does not contain a "stretch panel"; and (c) does not contain "protrusions" as described in the specification of the '559 Patent.

38. The entire CK390 Product is designed to stretch to some degree, the panel of the CK390 Product indicated as being the "stretch panel" of the claims of the '559 Patent, in the annotated claim infringement chart provided on July 11, actually restricts mobility as that panel is *less* stretchy than the rest of the CK390 Product. Also, the panel of the CK390 Product indicated as being the "stretch panel" of the claims of the '559 Patent is included in the CK390 Product for decorative, not functional purposes.

39. For at least the above reasons, Careismatic has not infringed and does not infringe Claim 1, or Claims 2-8 which depend on Claim 1, or Claim 9, or Claims 10-17 which depend from Claim 9, or Claim 18, or Claims 19-23 which depend from Claim 18, or Claim 24, or Claims 25-31 which depends on Claim 24, of the '559 Patent directly or indirectly, literally, or under the doctrine of equivalents.

40. As set forth above, an actual controversy exists between Careismatic and Workwear with respect to the alleged infringement of the '559 Patent, and this controversy is ongoing and likely to continue.

41. A judicial declaration is necessary and appropriate so that Careismatic may ascertain its rights regarding the '559 Patent.

42. Accordingly, Careismatic seeks a judgment declaring that any manufacture, use, sale, offer for sale, or importation of the CK390 Product has not infringed and does not infringe, directly or indirectly, contributorily, or by inducement, any claim of the '559 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Careismatic respectfully requests:

    A. The entry of judgment in favor of Careismatic and against Workwear on each and every count of the Complaint;

B. An order declaring that the CK390 Product has not infringed and does not infringe any claim of the Patents-in-Suit;

C. An order awarding Careismatic its costs of suit; and,

D. Such other and further relief as the Court deems just and proper.

## Jury Trial Demand

Pursuant to Fed. R. Civ. P. 38, Careismatic hereby respectfully demands a trial by jury of all issues triable to a jury.

Dated: November 13, 2023.

**INSIGHT, PLC**

By: */s/ Steven W. Ritcheson*
    Steven W. Ritcheson
    Attorneys for Defendant CAREISMATIC BRANDS, LLC